IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) |     1:14cr314-MHT |
| PHILLIP VAN McARDLE | ) |         (WO) |

OPINION AND ORDER

This case is before the court on defendant Phillip Van McArdle's motion to continue. The government does not oppose the request. For the reasons set forth below, the court finds that jury selection and trial, now set for September 8, 2014, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an

> offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "[w]hether the case is so unusual or so complex ... that it is unreasonable to expect adequate preparation" without granting a continuance. § 3161(h)(7)(B)(ii).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and McArdle in a speedy trial. McArdle's case involved the search of his home, which

allegedly revealed a number of firearms. However, the search was based on a warrant that resulted from a criminal investigation into matters unrelated to his alleged possession of firearms. Therefore, counsel requires additional time to investigate the circumstances related to the search warrant and to determine whether any pretrial motions are necessary. Given these circumstances, a continuance in this matter is appropriate.

***

Accordingly, it is ORDERED as follows:

(1) The motion to continue filed by defendant Phillip Van McArdle (doc. no. 16) is granted.

(2) The jury selection and trial for defendant McArdle, now set for September 8, 2014, is reset for November 3, 2014, at 10:00 a.m., at the Federal Building & United States Courthouse, 100 West Troy Street, Dothan, Alabama.

DONE, this the 6th day of August, 2014.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE